Opinion of the Court.
IN 1811, a written contract was entered into between Ramsey Bolware, the appellant, and the appellee, Richard Bolware, whereby the former was to furnish a beef, or beeves, twice a week, or as much oftener as the parties might think proper and the beef so furnished was, by the latter, to be butchered and sold in the Frankfort market, for the use and benefit of the appellant, and the appellee was to render an account of the sales in market to the appellant; and as a compensation for the appellee’s services, the appellant stipulated to pay him fifty cents for each beef which might be butchered, and the appellee was permitted to receive one half of the proceeds of the hides of the beeves so to be butchered and sold. This written agreement was afterwards lost, and the appellant exhibited his bill in equity, suggesting its loss ; and after setting forth its contents, alleges that under the agreement, he furnished the appellee with beeves and other things for the market, amounting to $1,973 40 cents, and alleges the failure of the appellee to account for more than $545 12, which he suggests a willingness to credit, and prays for an account to be taken, and general relief, &c.
The answer of the appellee admits the agreement, but stares he does not recollect the number of beeves butchered and sold under the agreement, and alleges that he has, in every particular, strictly complied with his contract, and faithfully accounted to the appellant for all the money received for the sales of the beef ; and, moreover, charges the appellant with having failed to pay the stipulated amount for butchering the beef, and other sums which the appellee has been compelled to pay, as his surety, to other persons.
The loss of an article of agreement containing mutual covenants is sufficient to confer jurisdiction on a court of chancery in favor of the injured party.
In reply to the answer, the appellant states, that in the amount of credits enumerated in his bill, are contained accounts, received from the appellee for the sale of beef, on different persons ; which several accounts, the apellant charges, had been previously paid by those persons respectively, to the appellee, and the amount thereof, he insists, should be deducted from the credit which he suggested a willingness to allow in the original bill. These accounts he particularises, both as to the persons and the sums respectively.
1. When the cause came on to a final hearing, a decree was pronounced dismissing the bill; and from that decree the appellant has appealed to this court.
The grounds on which the bill was dismissed by the circuit court, are not suggested in the decree, and this court, after the most careful examination of the record, have been unable to discover any thing which can justify the dismissal. There is no controversy between the parties, as to the agreement alleged in the appellant’s bill ; and the circumstance of that agreement being lost, gave to the appellant an unquestionable right to apply for relief to a court of equity. Relief should not, however, be extended to the appellant, if, from the record, the fact could be ascertained, that the appellee has fulfilled his part of the agreement. But we have been totally unable to discover the evidence from which the existence of such a fact can be infered. The only evidence conducing to prove a compliance by the appellee with his part of the agreement, consists of the depositions of two witnesses, who speak of what the appellant swore, when called as a witness in a prosecution against the appellee. The characters of those witnesses have not been attacked, and, however strongly we may be inclined to place the highest confidence in the purity of their intentions, yet, when it is perceived that what they have said is opposed by the evidence of as many other witnesses, whose characters stand equally fair, and whose intentions must be admitted equally pure, the evidence of those two witnesses cannot, according to any rule or principle of evidence, be sufficient to justify the inference of a fulfilment of the agreement by the appellee.
If, therefore, we are correct in supposing the evidence insufficient to show a compliance with the ap *126 pellee’s engagements, it follows, that the bill of the appellant should not have been dismissed ; for there is abundant evidence of the appellee having, under the agreement, received beeves, and after butchering them, having sold them in the Frankfort market ; and by the terms of his contract, he was unquestionably liable to the appellant, not only for the amount for which sales were made in market, but also for one half of the price received for the hides, after deducting fifty cents for his services in butchering each beef.
An auditor directed to be appointed to adjust an account, as well from any evidence either party might produce before him, as from that contained in the record.
But with respect to the amount which should be decreed against the appellee, there is more difficulty ; for although the accounts have been adjusted by an auditor appointed by the court, it will be found, on comparing the report of the auditor with the evidence contained in the record, that the adjustment made by him is not altogether correct; and although enough exists in the record to show the report not to be correct, it would be difficult, if not impracticable, without a re-commitment of the accounts to an auditor, to make such a decree as would be just between the parties.
We have, therefore, not thought it expedient, at the present, to go into a minute calculation and adjustment of the accounts ; but, as the cause must be remanded to the court below, leave that matter to be done by an auditor, to be appointed by that court.
2. The decree must be reversed with costs, the cause remanded to the court below, and an order there made appointing an auditor, with full power to adjust the accounts, as well from any evidence either party may produce, as from that contained in the record, according to the principles of this opinion ; and requiring of the auditor to report the adjustment so made, as well as the evidence which may be produced by the parties before him ; and after the report is made, a final decree be entered, not inconsistent with this opinion.